UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF:

Case No. 8:24-cv-02487-MSS-CPT

**ARCHER WESTERN / TRAYLOR BROTHERS, JOINT VENTURE,** as owners *pro hac vice* of Barge MCD 362, an inland deck barge measuring approximately 120' x 30' x 7' and approximately 214 gross tons, together with its Machinery, Tackle, Appurtenances, Equipment, & Etc., in a cause for exoneration from or limitation of liability,

    Petitioner/Plaintiff.

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Approve the *Ad Interim* Stipulation and for Monition and Injunction filed by Archer Western/Traylor Brothers, Joint Venture ("Petitioners"). (Dkt. 2) The Court, having reviewed the Motion, the Complaint, and the *Ad Interim* Stipulation, and being otherwise fully advised, **ORDERS** as follows.

Petitioners initiated this action for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty and Maritime Claims. (Dkt. 1) In the Complaint, Petitioners state the alleged facts and circumstances that give rise to their

claim of exoneration from or limitation of liability. (Id.) Petitioners also contest whether there is a basis for their liability at all. (Id.)

In the Complaint, Petitioners allege that they are "owners *pro hac vice* of Barge MCD 362", an inland deck barge measuring approximately 120' x 30' x 7' and approximately 214 gross tons, and its Machinery, Tackle, Appurtenances, Equipment, & Etc. (the "Barge"). (Id. at ¶ 3) Petitioners allege an incident occurred around 3:00 a.m. on July 3, 2024. (Id. at ¶ 9) Specifically, Petitioners allege Jonathan Boucvalt and Travis Stewart were operating their vessel, a 1999 20' Proline Center Console bearing Florida Registration FL7115LB (the "Proline"), in the same area where the Barge was properly moored. (Id.) The Proline allegedly struck the Barge and Mr. Boucvalt was ejected from the vessel. (Id. at ¶ 10) Mr. Boucvalt was later found deceased. (Id. at ¶ 11) Mr. Stewart was also reportedly injured in the incident. (Id. at ¶ 12)

Petitioners assert that the Complaint was filed within six months of the date on which they first received notice of a limitable claim. (Id. at ¶ 7)

Petitioners filed with the Court the *Ad Interim* Stipulation of Value, (Dkt. 2), as security for the benefit of the claimants. The *Ad Interim* Stipulation represents the value of Petitioners' interest in the Barge plus interest at the rate of six percent (6%) per annum from the date of this Order. (Id.) In the Complaint and in the *Ad Interim* Stipulation, Petitioners assert the value of the Barge at the time of the incident was $145,500.00. (Dkt. 1 at ¶ 18; Dkt. 2 at ¶ 3) Petitioners support this assertion with a report from a marine engineer, who concluded the fair market value of the Barge is $145,500.00. (Dkt. 2-1 at 2) Petitioners state that Ascot Insurance Company is the

surety for Petitioners and guarantees payment of any potential obligations in this action, limited to the value of the Barge. (Dkt. 2 at 2) Petitioners further state that Ascot Insurance Company will deposit a surety bond with the Court's registry, limited to the value of the Barge or as ordered by the Court, if the Court requires. (Id.)

Petitioners agree to any increase or decrease in the amount of the *Ad Interim* Stipulation as the Court may require. (Dkt. 3 at 8) Petitioners agree that if any Party contests the amount of the *Ad Interim* Stipulation, the Party or Parties may move to increase or decrease the amount of the *Ad Interim* Stipulation according to an appraisal by a commissioner appointed to appraise Petitioners' interest in the Barge. (Id. at 9)

Once the value of the Barge is determined, either upon the Court's consideration of an appraisal by a commissioner appointed to appraise Petitioners' interest in the Barge or a joint stipulation of value, Petitioners stipulate that they will deposit a surety bond, limited to the value of the Barge, in the Court's registry within thirty (30) days of any Claimant's demand or an order by this Court. (Dkt. 2 at 3) Until the deposit of this bond, Petitioners stipulate that the *Ad Interim* Stipulation acts as security for all claims in this proceeding. (Id.)

Based on the foregoing, the Court finds that the *Ad Interim* Stipulation, which represents the value of Petitioners' interest in the Barge as $145,500.00, including interest at the rate of six percent (6%) per annum from the date of this Order, is adequate to cover the value of Petitioners' interest in the Barge until the value of Petitioners' interest in the Barge can be more definitely ascertained.

Additionally, the Court finds Petitioners are entitled to an injunction against the prosecution of any claim arising out of the incident alleged in the Complaint. See 46 U.S.C. § 30529(c).

Accordingly, it is hereby **ORDERED**:

1. The *Ad Interim* Stipulation for the value of Petitioners' interest in the Barge, for no more than the amount of $145,500 including interest at the rate of six percent (6%) per annum from date hereof, filed herein by Petitioners, (Dkt. 2), is **ACCEPTED** as *Ad Interim* Stipulation for the purpose of this action and is **APPROVED** as to form and quantum.

2. Petitioners and any Claimant who may properly become a party hereto may contest the amount or value of Petitioners' interest in the Barge as fixed in the *Ad Interim* Stipulation, subject to such increases or decreases in the amount of the Stipulation, together with adequate security, as the Court may from time-to-time order according to the rules and practices of this Court.

3. If the amount of the *Ad Interim* Stipulation is not contested by any Claimant, the Stipulation shall stand as a Stipulation for Value and an appraisal will not be required.

4. The Court will enter a Monition and Injunction against all persons or corporations claiming damage for any and all loss, destruction, damage, injuries, and/or death allegedly caused by or resulting from the casualty

set forth in the Complaint, to file their respective claims with the Clerk of this Court and to serve on or mail to the attorneys for Petitioners copies thereof in accordance with the applicable rules, and that all persons or corporations so presenting claims and desiring to contest the allegations of the Complaint shall file an answer to the Complaint in this Court and shall serve on or mail to the attorneys for Petitioners copies thereof, or be defaulted.

5. The Notice of Monition, (Dkt. 3-2), is **APPROVED**. Public notice of the Monition will be given by publication of the Notice of Monition and Injunction as required by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. Petitioners shall mail a copy of the Notice to every person or corporation known by Petitioners to have a claim against Petitioners arising out of the accident set forth in the Complaint.

6. The commencement or further prosecution of any action, suit, or proceeding in any court whatsoever, and the institution and prosecution of any suits, actions, or legal proceedings, of any nature or description whatsoever, in any court whatsoever, except in these proceedings, in respect to any claim arising out of or connected with the incident set forth in the Complaint, are hereby **STAYED**, **ENJOINED**, and

**RESTRAINED** until the final determination of this proceeding or further order of this Court.

7. The service of this Order as a restraining order in this District may be made in the usual manner as any other district of the United States by delivery by the United States Marshal of a certified copy of this Order on the person or persons to be restrained or to their respective attorneys, or, alternatively, by mailing a conformed copy of it to the person or persons to be restrained or to their respective attorneys.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of November 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party